RECEIVED

2005 OCT 26 P 3:48

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LETTA DILLARD GORMAN, indiv. and )
d/b/a GORMAN & ASSOCIATES LLC, )
and ANNE WARR CURRY, )
                               )
       Plaintiffs, )
                               )
vs. )   CASE NO.: CV-05-906-T
                               )
WILLIAM JOHNSON, indiv. and as )
DIRECTOR OF THE ALABAMA DEPT. )
OF ECONOMIC AND COMMUNITY )
AFFAIRS, THE ALABAMA WORKFORCE )
INVESTMENT BOARD, et al )
                               )
       Defendants. )

## ANSWER TO COMPLAINT

**COMES NOW,** the Defendants, William Johnson, individually and as Director of the Alabama Department of Economic and Community Affairs, (hereinafter ADECA) the Alabama Workforce Investment Board (hereinafter WIB), by and through counsel, W. Mark Anderson, IV, and responds to the Plaintiffs' Complaint as follows:

### AFFIRMATIVE DEFENSES

I.     Defendants plead the affirmative defense of sovereign immunity pursuant to Ala. Const. art. I, § 14.

II.    Defendants plead the affirmative defense statute of frauds.

III.   Defendants plead the affirmative defense of qualified immunity.

IV.    Defendants plead the affirmative defense of arbitration and award.

V.     Defendants plead the affirmative defense of accord and satisfaction.

VI.    Defendants plead the affirmative defense of estoppel.

VII.   Defendants plead the affirmative defense of fraud.

I.     Defendants plead the affirmative defense failure of consideration.

II.    Defendants plead the affirmative defense of injury by fellow servant.

III.   Defendants plead the affirmative defense laches.

IV.    Defendants plead the affirmative defense license.

V.     Defendants plead the affirmative defense of release.

VI.    Defendants plead the affirmative defense payment.

VII.   Defendants plead the affirmative defense of illegality.

VIII.  Defendants plead the affirmative defense of res judicata.

IX.    Defendants plead the affirmative defense of statute of limitations.

X.     Defendants plead the affirmative defense of waiver.

## ANSWER

1.     Requires no response from Defendants.

2.     Admitted.

3.     Admitted

4.     Defendants deny the averments of paragraph 4 and demand strict proof thereof.

5.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5of the Complaint.

2

6.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.  Admitted.

9.  Admitted.

10. Defendants deny the averments of paragraph 10 and demand strict proof thereof.

11. Defendants deny the averments of paragraph 11 and demand strict proof thereof.

12. Defendants deny the averments of paragraph 12 and demand strict proof thereof.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the organization of Gorman and Associates; Defendants otherwise deny the averments of paragraph 13 and demand strict proof thereof.

14. Defendants admit as to the receipt of the U.S. Department of Labor award; Defendants otherwise deny the averments of paragraph 14 and demand strict proof thereof.

15. Defendants deny the averments of paragraph 15 and demand strict proof thereof.

16. Defendants deny the averments of paragraph 16 and demand strict proof thereof.

17. Defendants deny the averments of paragraph 17 and demand strict proof thereof.

18. Admitted, excepting Plaintiffs' averments regarding the nature of the award and compensation.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the averments of paragraph 20 and demand strict proof thereof.

3

21.    Defendants deny the averments of paragraph 21 and demand strict proof thereof.

22.    Defendants deny the averments of paragraph 22 and demand strict proof thereof.

23.    Defendants deny the averments of paragraph 23 and demand strict proof thereof.

24.    Defendants deny the averments of paragraph 23 and demand strict proof thereof.

25.    Defendants deny the averments of paragraph 25 and demand strict proof thereof.

26.    Defendants deny the averments of paragraph 26 and demand strict proof thereof.

27.    Defendants deny the averments of paragraph 27 and demand strict proof thereof.

28.    Defendants deny the averments of paragraph 28 and demand strict proof thereof.

29.    Defendants deny the averments of paragraph 29 and demand strict proof thereof.

30.    Defendants deny the averments of paragraph 30 and demand strict proof thereof.

31.    Defendants deny the averments of paragraph 31 and demand strict proof thereof.

32.    Defendants deny the averments of paragraph 32 and demand strict proof thereof.

33.    Defendants deny the averments of paragraph 33 and demand strict proof thereof.

34.    Defendants deny the averments of paragraph 34 and demand strict proof thereof.

35.    Defendants deny the averments of paragraph 35 and demand strict proof thereof.

36.    Defendants deny the averments of paragraph 36 and demand strict proof thereof.

37.    Defendants deny the averments of paragraph 37 and demand strict proof thereof.

38.    Defendants deny the averments of paragraph 38 and demand strict proof thereof.

39.    Defendants deny the averments of paragraph 39 and demand strict proof thereof.

40.    Defendants deny the averments of paragraph 40 and demand strict proof thereof.

41.    Defendants deny the averments of paragraph 41 and demand strict proof thereof.

42.    Defendants deny the averments of paragraph 42 and demand strict proof thereof.

43.     Defendants deny the averments of paragraph 43 and demand strict proof thereof.

44.     Defendants deny the averments of paragraph 44 and demand strict proof thereof.

45.     Defendants deny the averments of paragraph 45 and demand strict proof thereof.

46.     Defendants deny the averments of paragraph 46 and demand strict proof thereof.

47.     Defendants deny the averments of paragraph 47 and demand strict proof thereof.

48.     Defendants deny the averments of paragraph 48 and demand strict proof thereof.

49.     Defendants deny the averments of paragraph 49 and demand strict proof thereof.

50.     Furthermore, Defendants deny each and every material allegation and prayer for relief not heretofore controverted and demands strict proof thereof.

**RESPECTFULLY SUBMITTED**, this the 26th day of October, 2005.

Respectfully submitted,

W. Mark Anderson, IV(AND059)
Attorney for Defendants

OF COUNSEL:
Charles W. Edmondson, P.C.
621 South Perry Street
Montgomery, Alabama 36104
Telephone:     (334) 265-9034
Facsimile:     (334) 265-9425
E-mail:     wmaiv@msn.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon all counsel of record listed below:

> Letta Dillard Gorman
> 222 Palm Beach Drive
> Panama City Beach, Florida 32413

by depositing the same in the United States Mail, postage prepaid, on this the 26th day of October, 2005.

W. Mark Anderson, IV