RECEIVED
2005 OCT 31 A 10 32
C. P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LETTA DILLARD GORMAN<br>INDIVIDUALLY AND<br>Dba/GORMAN & ASSOCIATES LLC,<br>AND<br>ANNE WARR CURRY,<br>PLAINTIFFS<br><br>VS.<br><br>WILLIAM JOHNSON,<br>INDIVIDUALLY AND AS<br>DIRECTOR OF<br>ALABAMA DEPARTMENT OF<br>ECONOMIC AND COMMUNITY<br>AFFAIRS (ADECA),<br>THE ALABAMA WORKFORCE<br>INVESTMENT BOARD, AND<br>FICTITIOUS PARTIES A, B, C | CIVIL ACTION NO. 2:05CV906-T<br>DEMAND FOR JURY TRIAL |

## MOTION TO AMEND COMPLAINT

COMES NOW, the Plaintiffs in this action and pursuant to Rule 15(a) of the federal Rules of Civil procedure moves this honorable Court to amend the original Complaint as follows:

I.  NATURE OF THIS ACTION.

1. The Plaintiffs bring this action to redress breach of contract, slander, libel, defamation of character, intentional interference with business relations, fraud and misrepresentation, and the intentional infliction of emotional distress. Specifically, the named Plaintiffs, Letta Dillard Gorman individually and dba/Gorman & Associates LLC, and Anne Warr Curry individually bring this action for compensatory and punitive

relief and attorney's fees under the provisions of Title 6, Articles 5, 6 (§ 6-5-101 (1993)), 11, and 16 of the Code of Alabama and in conformance with <u>Gross v. Lowder Realty Better Homes & Gardens</u>, 494 So. 2d 590 (Ala. 1986).

II. JURISDICTION AND VENUE.

2. This Court has jurisdiction since Letta Dillard Gorman is a resident of the State of Florida; Gorman & Associates LLC was organized and operates in Montgomery, Alabama; Anne Warr Curry is a resident of the State of Alabama; and the defendants are located in the State of Alabama such that there exists a diversity of citizenship among the parties to this action.

3. Venue is proper in that the Defendants conduct business in Montgomery, Alabama.

III. CONDITIONS PRECEDENT TO SUIT UNDER.

4. The Plaintiffs have fulfilled all precedent conditions necessary to the institution of this action under the Code of Alabama §6-2-34. Specifically the Plaintiffs filed this action within six years of the discovery of the breach of contract and within two years of the discovery of the defamation, libel, slander, intentional interference, fraud and misrepresentation, and intentional infliction of emotional distress.

IV. PARTIES

5. Plaintiff Letta Dillard Gorman is an individual residing in Panama City Beach, Florida and is engaged in work in Alabama and Florida.

6. Plaintiff Gorman & Associates LLC is a limited liability company organized in Montgomery County, Alabama.

7. Plaintiff Anne Warr Curry is an individual residing and working in Montgomery, Alabama.

8. Defendant William Johnson is the director of the Alabama Department of Economic and Community Affairs headquartered in Montgomery, Alabama.

9. The Alabama Department of Economic and Community Affairs is an agency of the State of Alabama and is headquartered in Montgomery, Alabama.

10. The Alabama Workforce Investment Board is an organization mandated by federal law and appointed by the Governor of the State of Alabama.

11. The acts by the defendant William Johnson charged in this Complaint were authorized, ordered or done by the defendant agency or the defendants' officers, agents, employees, or representatives while they were actively engaged in the management of the defendants' businesses.

V. RELIEF SOUGHT

12. The relief necessary to remedy the claims of the plaintiffs includes compensatory damages, punitive damages, specific performance and attorney's fees and expenses.

VI. CLAIMS.

A. **Claim One: <u>Breach of contract against the Alabama Workforce Investment Board (WIB) and the Alabama Department of Economic and Community Affairs (ADECA).</u>**

13. The Plaintiff authored an Application for Federal Assistance to the U.S. Department of Labor (DOL) in the summer of 2002 under authority of the Alabama Local Workforce Investment Board (WIB) explicitly describing the activities to be performed by four entities: Gorman & Associates LLC (G&A), Alabama Easter Seals Consortium (ES), Janice Capilouto Center for the Deaf (JCCD), and the Alabama Department of Economic and Community Affairs (ADECA). Ms. Gorman submits that this document constituted the express contract among G&A, JCCD, ES, ADECA, and DOL. To wit, specific written contracts were executed among all of these entities except G&A after funding was received.

14. G&A, a for-profit business organized in Montgomery, Alabama in 1998, waived its customary professional services fee for grantwriting in exchange for the opportunity to perform the coordination of the program and explicitly detailed this coordination in the application. G&A submits that this constituted the consideration needed for the contract.

15. The Alabama Department of Economic and Community Affairs received a three-year award from the U.S. Department of Labor with approximately $1.5 million identified as compensation for Gorman & Associates LLC for the coordination of the program.

16. The Alabama Department of Economic and Community Affairs, as administering entity for the Alabama Workforce Investment Board, requested and received authorization from the U.S. Department of Labor for the Alabama Workforce Investment Board, through the Alabama Department of Economic and Community Affairs, to execute a sole source contract with Gorman & Associates LLC to perform the coordination functions for the Alabama Customized Employment Program.

17. Gorman & Associates LLC, Letta Gorman, and Anne Curry specifically performed the work of the coordination as detailed in the application for the first six months with a promise of a written subcontract.

18. ADECA did not execute the written subcontract and refused to compensate G&A for the work performed.

19. G&A filed a claim with the Alabama Board of Adjustment against the Alabama Department of Economic and Community Affairs for breach of contract and a hearing was expedited on the matter. G&A **prevailed** on the claim and received $105,201 in compensation for work performed.

20. The U.S. Department of Labor failed to assist in the resolution of the dispute between ADECA and G&A, but as late as the date of this filing continues to identify G&A as the lead partner in the program on its program website.

21. There was an express contract agreement between the parties that meets the normal requirements for a contract. The **offer** was extended by G&A

to the WIB and ADECA to develop, apply for, and perform part of Alabama Customized Employment program (ACE).

22. The offer was **accepted** by the WIB and ADECA for G&A to develop, apply for, and perform part of the ACE program on contingency of the proposal being successful and the application was approved by WIB chair and ADECA constituting the express contract.

23. **Consideration** consisted of the detriment to G&A as the PROMISEE which was bargained for by the WIB and ADECA as the promisors in exchange for the promisor's promise. This consideration included G&A's not charging a grantwriting fee and the contingency contract (sole source).

24. The Defendants breached the contracts with G&A, and G&A suffered damages caused by that breach.

25. Neither the WIB, ADECA, nor DOL ever rescinded the agreement with G&A pursuant to the ACE program.

26. Neither the WIB, ADECA, nor DOL ever mandated G&A cease the performance of "unauthorized" services or instructed G&A that any invoices submitted for work performed pursuant to the ACE program would not be paid.

27. It is undisputed that the ACE program benefits WIB, ADECA, and the subrecipients for up to five years at potentially over $3 million and that G&A was identified in the original application to receive over $1.5 million to coordinate the program contingent upon its funding. Instead, the

WIB/ADECA withheld those funds from G&A and were unjustly enriched by the services performed by G&A.

28. The development of the proposal by G&A and its subsequent approval and submission by ADECA to DOL created an express contract between ADECA and G&A contingent on the award of the ACE program by the DOL.

**B. Claim Two: <u>Slander and Libel</u> against William Johnson, individually and as the director of the Alabama Department of Economic and Community Affairs.**

29. The Plaintiffs reallege the facts in paragraphs 1 through 27 as contained herein.

30. Beginning in 2003 and continuing until the present, William Johnson wrote and spoke words stating that the Plaintiffs submitted false claims to ADECA for the DOL grant, misrepresented the work they did on the program, and committed fraud to employees and agents of ADECA, DOL, ARC, and AUM; government officials; and others that falsely and negatively reflected on the Plaintiffs' reputation, and comments were so reprehensible and false that they effected their reputation in the community and cast aspersions on them. Specifically, on or about February 2003 and September 2003 William Johnson verbally accused Ms. Gorman of misrepresenting information on the invoices submitted for the ACE program, and of not performing the claimed coordination

7

he had written Ms. Gorman a letter indicating that the written contract would not be signed due to the work being performed in-house and through an existing service provider yet he told the DOL that the contract could not be signed due to an impasse in negotiations for a cost base contract. He admitted that he never told G&A to stop working on the program. However, Bill Hornsby, an ADECA accountant, identified 48 CFR Federal Acquisition Register as the governing regulations for contracting with a for-profit organization. He confirmed that DOL had granted sole sourcing procurement of G&A as a for-profit in the ACE program. He also acknowledged that he instructed G&A to mark "contract" on the disclosure statement and the statement would accompany the contract.

C. **Claim Three: <u>Defamation of Character</u> against William Johnson individually and as Assistant Director of the Alabama Department of Economic and Community Affairs.**

32. The Plaintiffs reallege the facts in paragraphs 1 through 30 as contained herein.

33. Beginning in 2003 and continuing until the present, including on or about February 2003 and in September 2003 William Johnson wrote and spoke words to employees of ADECA, ARC, and AUM; government officials; and others that falsely and negatively reflected on the Plaintiffs' reputation and comments were so reprehensible and false that they effected their reputation in the community and cast aspersions on them.

34. Gorman & Associates LLC, Letta Gorman, and Anne Curry have suffered significant emotional and economic damages as a direct result of the defamation of their character by William Johnson.

D. **Claim Four: <u>Intentional Interference with Business Relations</u> against William Johnson individually and as Assistant Director of the Alabama Department of Economic and Community Affairs.**

35. The Plaintiffs reallege the facts in paragraphs 1 through 33 as contained herein.

36. Gorman & Associates LLC had existing subcontracts with clients and business relationships with the Alabama Department of Economic and Community Affairs. Beginning in 2003 and continuing to the present the Defendant had knowledge of Gorman & Associates' existing contracts and business relations; and intentionally interfered with those contracts and business relations; and the Plaintiffs suffered damage as a result of the defendants' interference. <u>Mutual Sav. Life Ins. Co. v. James River Corp. of Virginia</u>, 716 So. 2d 1172, 1180 (Ala. 1998).

37. Letta Dillard Gorman dba Gorman & Associates LLC had their contracts breached and relationships broken by the actions of the Defendants and this cause of action is being used to protect the Plaintiffs' interest.

38. The Defendant not only knowingly interfered with the Plaintiffs' expectancy (of a profitable business relationship), but also engaged in conduct that was wrongful by some legal measure other than the mere fact of the

interference itself." <u>Delta Penna v Toyota Motor Sales, Inc.</u>, (1995) 11 CA 4th 376.

39. The Defendant took acts based on improper motives and used improper means. Specifically, they violated a common law principle (libel; slander; defamation, etc.); practiced unethical business practices; misrepresented; initiated unfounded litigation; defamed; and committed trade libel.

40. The purpose of the Defendants' violation was wrongful interference with an economic relationship with ADECA, DOL, and other entities. (See <u>Stella Foods, Inc. v. Superior Court</u> (1997) 60 CA 4th 299).

41. The Defendants' actions caused the government to initiate actions against the Plaintiff and perpetuated the disruption of one or more business relationships.

42. The Defendants intended to do the wrongful act and knew of the economic relationship that was to be destroyed. The Plaintiffs enjoyed past business with the alienated customers (ADECA and the U.S. Department of Labor); and was likely to continue future business; and the Defendant had actual knowledge both that the business relationship existed and meant to perform the wrongful act to disrupt it.

43. There was a causal connection between the intentional interference and the disruption of the business relationship. Without the Defendants' interference, Plaintiffs would have entered into a concrete business relationship with the third party (ADECA and DOL) from which Plaintiffs would have profited financially.

44. Damages are the lost profits and punitive damages.

45. The Defendants have gone beyond the bounds of fair competition and engaged in wrongful acts that make a mockery of what a fair system of competition should entail.

E. **Claim Five: <u>Intentional Infliction of Emotional Distress</u> against William Johnson, the Alabama Department of Economic and Community Affairs, and the Workforce Investment Board.**

46. The Plaintiffs reallege the facts in paragraphs 1 through 44 as contained herein.

47. The false statements made by the Defendant caused the DOL Customized Employment contract between ADECA and the Plaintiff to be terminated.

48. The termination of the contract caused the Plaintiffs to suffer damage to their reputation and the loss of other business dealings.

49. The economic damages caused to the Plaintiffs caused them significant mental and physical health problems, their credit to be destroyed, their homes that housed their elderly parents, disabled nephew, and minor children to go into foreclosure, their cars to be sold, the incurring of legal fees, and other damages.

F. **CLAIM SIX: <u>Fraud and misrepresentation</u> against William Johnson, the Alabama Department of Economic and Community Affairs, and the Workforce Investment Board.**

50. The Plaintiffs reallege the facts in paragraphs 1 through 48 as contained herein.

51. The Defendants made a false representation of a material fact in promising the contract to the Plaintiffs.

52. The Plaintiffs relied upon that promise and performed tasks and spent resources on the work performed.

53. The Plaintiffs were damaged as a proximate result of the misrepresentation.

## VII. PRAYER FOR RELIEF.

54. Wherefore, the Plaintiffs request the following relief:

   a. Acceptance of jurisdiction of this cause;

   b. An award of compensatory and punitive damages of $3 million each as appropriate relief to Letta Dillard Gorman, Gorman & Associates LLC, and Anne Warr Curry;

   c. An award of litigation costs and expenses, including reasonable attorney's fees, to Letta Dillard Gorman, Gorman & Associates LLC, and Anne Warr Curry; and

   d. Such other and further relief as the Court may deem just and proper.

Respectfully submitted on this the 24th day of October 2005.

*Letta Dillard Gorman*
Letta Dillard Gorman
GOR026

Law Office of Letta Dillard Gorman
P.O. Box 231196
Montgomery, Alabama 36123
222 Palm Beach Drive
Panama City Beach, FL 32413
(850) 236-0911

## CERTIFICATE OF SERVICE

I certify that on October 31, 2005 I mailed a copy of the foregoing by U.S. Postal Service first-class prepaid to the honorable W. Mark Anderson IV and the honorable Charles W. Edmonson at 621 South Perry Street in Montgomery, Alabama 36104.

*Letta Dillard Gorman*
Letta Dillard Gorman
GOR026