IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LETTA DILLARD GORMAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:05-CV-906-WKW |
| ) | (WO) |
| WILLIAM JOHNSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

This action is presently before the Court on the defendants' Motion to Dismiss Due to Lack of Subject-Matter Jurisdiction (Doc. # 20), filed on January 23, 2006.  For the reasons set forth below, the motion is due to be granted.

The plaintiffs' complaint is due to be dismissed because this Court lacks subject matter jurisdiction over the claims alleged in the complaint.  In order for this Court to exercise subject matter jurisdiction, there must be either (1) complete diversity between the parties and an amount in controversy greater than $75,000, *see* 28 U.S.C. § 1332; or (2) a claim "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Complete diversity between the parties means that "the citizenship of every plaintiff must be diverse from the citizenship of every defendant."  *Legg v. Wyeth*, 428 F.3d 1317, 1321 n.2 (11th Cir. 2005).  In the present case, one plaintiff, Anne Warr Curry, is a citizen of Alabama.  All the named defendants are also Alabama citizens.  Complete diversity, therefore, does not exist, and this Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

The plaintiffs suggest that federal question jurisdiction exists because the claims involve grants consisting of federal funds.  The Eleventh Circuit has explained the types of claims that fall

under federal question jurisdiction:

> Federal question jurisdiction may be based on a civil action alleging a violation of the United States Constitution, or a federal cause of action established by a Congressionally-created expressed or implied private remedy for violations of a federal statute. In limited circumstances, federal question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action.

*City of Huntsville v. City of Madison*, 24 F.3d 169, 171-72 (11th Cir. 1994) (citations omitted). The plaintiffs' claims for breach of contract, slander, libel, defamation of character, intentional interference with business relations, fraud and misrepresentation and intentional infliction of emotional distress are all based in state law and do not invoke any violations of the United States Constitution or federal law. In addition, a "disputed question of federal law" is not a necessary element of any of the plaintiffs' claims. This Court, therefore, does not have subject matter jurisdiction over the claims in the plaintiffs' complaint.

The plaintiffs have requested that, in the event this Court declines to exercise jurisdiction over their claims, the case should be remanded to state court. As this case was filed originally in federal court and was not removed under 28 U.S.C. § 1441, remand is not a procedurally viable option. The Court finds that dismissal of all claims for lack of subject matter jurisdiction is the only appropriate disposition of this case.

Therefore, it is hereby ORDERED that:

1. The defendants' Motion to Dismiss Due to Lack of Subject-Matter Jurisdiction (Doc. # 20) is GRANTED.

2. The plaintiffs' motions to amend the complaint (Docs. # 6 and 22) are DENIED as MOOT.

3. The Motion to Withdraw (Doc. # 16) is DENIED as MOOT.

An appropriate judgment will be entered.

Done this the 23rd day of June, 2006.

      /s/  W. Keith Watkins
UNITED STATES DISTRICT JUDGE