UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LETTA DILLARD GORMAN, et al., | ) |
| | ) |
| Plaintiffs, | ) CASE NO. 2:05-CV-00906-WKW |
| | ) |
| vs. | ) |
| | ) |
| WILLIAM JOHNSON, et al., | ) |
| | ) |
| Defendants | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO ALTER JUDGMENT**

COME NOW Defendants William Johnson, Individually and in his Official Capacity as Director of the Alabama Department of Economic and Community Affairs, the Alabama Department of Economic and Community Affairs ("ADECA"), and the Alabama Workforce Investment Board ("WIB"), and file their Opposition to the Plaintiffs' Motion to Alter Judgment. (Doc. No. 31).

ARGUMENT AND AUTHORITIES

On June 23, 2006, the Court granted Defendants' Motion to Dismiss. See Doc. No. 29 (Memorandum Opinion and Order), Doc. No. 30 (Final Judgment). The Court found and concluded that it lacked subject matter jurisdiction over the claims alleged in the Plaintiffs' Complaint.

Specifically, the Court determined that diversity jurisdiction, 28 U.S.C. § 1332, was not present as one of the Plaintiffs was a citizen of Alabama and all of the named Defendants were also Alabama citizens. Further, the Court applied the jurisdictional analysis set out by the Eleventh Circuit in *City of Huntsville v. City of Madison*, 24 F.3d 169 (11th Cir. 1994), and held that no federal question, per 28 U.S.C. § 1331, was presented by Plaintiffs' Complaint.

Plaintiffs have filed a "Motion to Alter Judgment" under Rule 59(e), Fed. R. Civ. P. (Doc. No. 31). Plaintiffs argue that federal question jurisdiction is present based on the fact that the underlying contract and grant were funded by federal money.

Defendants' addressed this argument in their "Reply and Supplemental Brief in Support of Motion to Dismiss." (Doc. No. 28). Simply put, the fact that the underlying contract and grant administered by ADECA were funded by federal money (the United States Department of Labor), does not establish federal question jurisdiction. See *Weeks Constr., Inc. v. Oglala Sioux Housing Authority*, 797 F.2d 668 (8th Cir. 1986); *Becker v. Beame*, 454 F.Supp. 867 (S.D.N.Y. 1978). These cases, and their application to the case at bar, are discussed in Defendants' "Reply and Supplemental Brief," *supra*. Defendants incorporate said arguments and analysis as is fully set forth herein.

WHEREFORE, based on the foregoing, Defendants show the Court that the Plaintiffs' "Motion to Alter Judgment" is due to be denied.

                Respectfully submitted,

                *s/John P. Kavanagh, Jr.*
                H. WILLIAM WASDEN (WASDW4276)
                *hww@bowronlatta.com*
                JOHN P. KAVANAGH, JR. (KAVAJ1011)
                *jpk@bowronlatta.com*
                Attorneys for Defendants

OF COUNSEL:

BOWRON, LATTA & WASDEN, P.C.
Post Office Box 16046
Mobile, Alabama 36616
Telephone:   251-344-5151
Facsimile:   251-344-9696

**CERTIFICATE OF SERVICE**

      I do hereby certify that I have on this  8th  day of  July  , 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Letta Dillard Gorman, Esquire
Post Office Box 231196
Montgomery, Alabama 36123
*lettag@comcast.net*
*legaleagle1932@aol.com*

Walter Mark Anderson, IV
Law Office of Edmondson Anderson
621 South Perry Street
Montgomery, Alabama  36111
*wmaiv@msn.com*

                                                    *s/John P. Kavanagh, Jr.*
                                                    COUNSEL